COX (HANSON v.). See Case No. 6,040.
COX (HAWKINS v.). See Case No. 6,243.
COX (JENKS v.). See Case No. 7,277.

## Case No. 3,303.

### COX v. JONES.

[2 Cranch, C. C. 370.][1]

Circuit Court, District of Columbia. April Term, 1823.

INDORSEMENT BY PAYEE OF NOTE AFTER DISHONOR.

If the payee of a promissory note, payable to order, indorses it after it has been dishonored, he thereby becomes the drawer of a new bill upon the maker in favor of the indorsee, and is not liable to such indorsee without demand and notice; but he cannot set up, against a remote indorsee, an agreement, with his immediate indorsee, not appearing upon the note itself.

At law. Assumpsit, against the indorser of W. S. Radcliffe's note, dated October 9th, 1816, for $120, payable thirty days after date to the defendant or order. Long after the expiration of the thirty days, namely on the 3d of January, 1818, this note was indorsed by the defendant [William Jones] to one Joshua Tennison or order, who indorsed it to the plaintiff's intestate.

The defendant, upon the trial, offered to prove a written separate agreement, between him and Tennison, that he should not be liable as indorser.

THE COURT (nem. con.) rejected the evidence, and said the indorsement became a new bill. The holder was bound to present the note again to Radcliffe for payment; and, if not paid, to give notice to the defendant, of the non-payment. It would be a fraud in the defendant to indorse the note generally, so as to give a new negotiability to the instrument, and then to set up his secret equity against an innocent holder.

Verdict and judgment for plaintiff.

[1] [Reported by Hon. William Cranch, Chief Judge.]